**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Twinrock Holdings, LLC,<br><br>　　　　Plaintiff<br>v.<br><br>Citimortgage, Inc., et al.,<br><br>　　　　Defendants | Case No.: 2:22-cv-00143-JAD-VCF<br><br>**Order Denying Motions for Temporary Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 8, 9] |

　　　　Twinrock Holdings, LLC moves to enjoin Citimortgage, Inc. from foreclosing on its real property located at 7313 Hospitality Place in Las Vegas, Nevada, as scheduled on March 4, 2022.[1]  The impending foreclosure is Citimortgage's effort to enforce rights under the deed of trust that secures the long-unpaid mortgage on the property.  But record-owner Twinrock takes the position that the deed of trust was discharged by operation of Nevada Revised Statute (NRS) 106.240, which conclusively presumes that a lien is extinguished ten years after the debt it secures becomes wholly due, and Twinrock contends that this mortgage became wholly due in 2019 because it was accelerated upon the borrowers' default in 2009.  Alternatively, it contends that its good faith bars enforcement of the deed of trust and that the original borrowers' bankruptcy discharge triggered the statute of limitations, which has long expired.  But the bank's acceleration was expressly rescinded before the ten-year maturity date arrived, and Twinrock's bankruptcy and good-faith theories appear untenable.  So I find that Twinrock has not shown a likelihood of success on its claims or serious questions going to their merits, and I deny its request to enjoin the foreclosure sale.

---

[1] ECF Nos. 8, 9.

**Discussion**

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[2] Both are "extraordinary" remedies and "never awarded as of right."[3] The United States Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[4] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[5] Twinrock can satisfy neither standard.

**I.     The acceleration was rescinded.**

This home was acquired with a $180,000 mortgage secured by a deed of trust recorded against the property in March 2006.[6] Twinrock alleges that the borrowers stopped making mortgage payments against that loan beginning with the payment due August 1, 2009,[7] and the bank ultimately recorded a notice of default on October 27, 2010.[8] Twinrock merely assumes

---

[2] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).
[3] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).
[4] *Id.* at 20.
[5] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).
[6] ECF No. 8-3 (deed of trust).
[7] ECF No. 1-1 at 4, ¶ 9.
[8] ECF No. 8-5 (10/27/10 notice of default).

that the lender "accelerated the payments due under the Note secured by the Deed of Trust on or before August 1, 2009."[9] And because "NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due,"[10] Twinrock argues that this deed of trust was extinguished as of August 1, 2019, by operation of the ancient-lien statute.[11]

The first defect in Twinrock's theory is that this assumed August 2009 acceleration is a phantom. No such notice was recorded, and there is no evidence that one ever existed. As the Supreme Court of Nevada noted when addressing acceleration clauses in *Clayton v. Gardner*, "acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention."[12] It appears that the only unequivocal notice of acceleration of this debt was the October 27, 2010, notice of default.[13] So if any document set the NRS 106.240 ten-year clock in motion, it was that one.

But that notice was canceled by the notice of rescission that was recorded on October 22, 2020.[14] Much of that rescission is materially similar to the one that the Supreme Court of Nevada held in *Glass v. Select Portfolio Servicing, Inc.* "explicitly cancel[ed] th[e] Notice of Default" and thereby "effectively cancelled the acceleration."[15] In fact, Citimortgage's rescission here is an even more direct deceleration than the one in *Glass*. Whereas the *Glass*

---

[9] ECF No. 8 at 10.

[10] *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001).

[11] ECF No. 8 at 10.

[12] *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991) (quoting *United States v. Feterl*, 849 F.2d 354, 357 (8th Cir. 1988)).

[13] ECF No. 8-5.

[14] ECF No. 4-4 at 2.

[15] *Glass v. Select Portfolio Serv., Inc.*, 466 P.3d 939 (Nev. 2020) (unpublished).

3

notice rescinded the notice of default and election to sell and the Court took the next step and concluded that it "effectively" cancelled the acceleration,[16] this one explicitly states that its intent was to "rescind, cancel, withdraw and revoke without prejudice *the acceleration of the Note, or Deed of Trust, or both*, as referenced in the Notice of Breach and Default . . . ."[17]  Although *Glass* is an unpublished decision, the Ninth Circuit permits district courts to consider such decisions "because they may lend support to a conclusion as to what the Nevada Supreme Court would hold in a published decision."[18]  The Supreme Court of Nevada's reliance on *Glass* to reject an NRS 106.240 challenge in a subsequent case bolsters the belief that it would so hold in a published decision.[19]  And even the Ninth Circuit has relied on *Glass*, found it "persuasive," and applied its reasoning to reject NRS 106.240 arguments like those Twinrock relies on here.[20]  So assuming without deciding that NRS 106.240 could have extinguished the deed of trust ten years after the acceleration, the October 22, 2020, rescission decelerated it just in time to avoid that result.

---

[16] *Id*.

[17] *See* ECF No. 4-4 at 2 (emphasis added).

[18] *U.S. Bank v. White Horse Estates Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (cleaned up).

[19] *See SFR Invs. Pool 1 v. U.S. Bank*, 495 P.3d 126 (Nev. 2021) (unpublished) ("In *Glass*, we reasoned that because the Notice of Rescission rescinded the previously recorded Notice of Default, the Notice of Rescission 'effectively cancelled the acceleration' triggered by the Notice of Default such that NRS 106.240's 10-year period was reset.  We therefore conclude that the Notice of Rescission in this case had the same effect." (internal citations omitted)).

[20] *See, e.g.*, *Bank of Am., NA v. SFR Invs. Pool 1, LLC*, 849 F. App'x 211, 212 (9th Cir. 2021) (unpublished) ("Because the facts in *Glass* are similar to the undisputed facts here, we find it persuasive and apply the court's reasoning to conclude that the district court erred in entering judgment in favor of SFR."); *TRP Fund VIII, LLC v. NewRez LLC*, 2021 WL 5823701, *1 (9th Cir. 2021) (unpublished) (citing *Glass* and noting that "[r]ecent decisions of the Nevada Supreme Court confirm our conclusion that the recission notice decelerated the loan and prevented extinguishment of the deed of trust under the ancient lien statute.").

**II.    Twinrock has not demonstrated that the debtors' bankruptcy impacts the deed of trust.**

Twinrock next theorizes that the original borrowers' bankruptcy proceedings altered the maturity date of the loan because their bankruptcy discharge on July 6, 2010, caused the debt to be "deemed matured."[21] They rely on authority interpreting Washington's statute of limitations for foreclosure actions as support for this theory.[22] That Washington statute is materially distinguishable from NRS 106.240 in both language and effect. And although the Ninth Circuit concluded in an unpublished disposition in *Jarvis v. Federal National Mortgage Association* that a bankruptcy discharge triggers Washington's statute of limitations on foreclosure actions,[23] Washington state courts interpreting that statute have since renounced that interpretation as "error."[24] So even if this authority weren't dubious, it would have no application here because there is no foreclosure action to apply a statute of limitations to—the only claim in this case is Twinrock's quiet-title one.[25]

**III.    Twinrock's good faith is not a bar to enforcement**.

Finally, Twinrock argues that "[t]he deed of trust is no longer valid because Twinrock is a Good Faith Purchaser."[26] Twinrock rests this argument mainly on the Nevada Supreme Court's 2008 recognition in *Cox v. Eighth Judicial District Court* that "judicial sales to bona fide

---

[21] ECF No. 8 at 11.

[22] *Id*.

[23] *Jarvis v. Fed. Nat'l Mortg. Ass'n*, 726 F. App'x 666, 667 (9th Cir. 2018) (citing *Edmundson v. Bank of Am.*, 378 P.3d 272, 276 (Wash. Ct. App. 2016)).

[24] *Copper Creek (Marysville) Homeowners Ass'n v. Kurtz*, 502 P.3d 865, 873 (Wash. Ct. App. 2022).

[25] Though Twinrock labels its second claim "Preliminary and Permanent Injunction," this "claim" is more properly characterized as a remedy.

[26] ECF No. 8 at 12 (cleaned up).

purchasers generally are not subject to later challenge if an underlying judgment is reversed on appeal."[27] The instant case does not involve a judicial sale—it seeks to enjoin a non-judicial foreclosure sale—so *Cox* is inapposite.

Even if I generously assume that Twinrock is merely using *Cox* for the proposition that bona fide purchasers have certain protections, Twinrock cannot claim that status. "The bona fide doctrine" protects an innocent purchaser from "competing legal or equitable claims of which the purchaser had no notice at the time of the conveyance."[28] Twinrock contends that the deed of trust is unenforceable against it because "at the time Twinrock purchased the property, the state trial court had entered" an order canceling the deed of trust.[29] That order was later reversed by the Supreme Court of Nevada.[30] Twinrock contends without citing any authority that Citimortgage "was required to request a stay of the judgment and post a supercedes [sic] bond" to protect its interest.[31] But regardless of that later-invalidated court ruling, Twinrock and the rest of the world[32] were on constructive notice of Citimortgage's interest because Citimortgage recorded a lis pendens against the property a year and a half before Twinrock bought it,[33] and it appears from the recorded documents that the lis pendens was still on the property at the time of Twinrock's purchase.[34] That lis pendens put Twinrock on constructive notice that Citimortgage

---

[27] *Id*. (citing *Cox v. Eighth Jud. Dist. Ct. of State*, 193 P.3d 530, 533 (Nev. 2008)).
[28] *25 Corp. v. Eisenman Chem. Co.*, 709 P.2d 164, 172 (Nev. 1985).
[29] ECF No. 8 at 12 (cleaned up).
[30] ECF No. 1-1 at 6, ¶ 27.
[31] *Id*.
[32] *See Weddell v. H2O, Inc.*, 271 P.3d 743, 751 (Nev. 2012) ("The doctrine of lis pendens provides constructive notice to the world that a dispute involving real property is ongoing.").
[33] ECF No. 4-2 (lis pendens).
[34] *See* ECF No. 4-3 (notice of release of lis pendens recorded on 5/28/20).

was continuing to litigate its position that the deed of trust remains an encumbrance on the property—a position that ultimately prevailed.[35]  Twinrock is thus not likely to succeed on its theory that the deed of trust is unenforceable against it because it was a bona fide purchaser without notice of Citimortgage's interest.

### IV.     Other *Winter* factors weigh against injunctive relief.

This likely non-viability of Twinrock's theories leaves Twinrock unable to demonstrate either a likelihood of success on, or serious questions going to, the merits of its claims.  The failure of this factor alone dooms its injunctive-relief request.  But at least two other *Winter* factors support denial.  When I consider that Twinrock and its predecessors acquired this property for just $4,100 in 2012[36] and have apparently made no payment on the $180,000 mortgage in the decade since, the balance of equities tips against Twinrock.  And Twinrock has shown that an injunction will advance only its private interests, not any public one.[37]

### Conclusion

IT IS THEREFORE ORDERED that Twinrock's motions for a temporary restraining order and a preliminary injunction to enjoin the March 4, 2022, foreclosure sale **[ECF Nos. 8, 9] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
March 3, 2022

---

[35] *See* ECF No. 1-3 at 79–81 (Supreme Court of Nevada order reversing in part, vacating in part, and remanding).

[36] ECF No. 8-8 (trustee's deed).

[37] Twinrock's subjective skepticism about the accuracy of the deficiency amount stated in the notice of default and election to sell does not evidence a violation of NRS 107.080.  Its argument that it should have the opportunity "to bring the Note current" is not persuasive when it appears that it has known about the impending sale for nearly three months and has not shown that it has taken any steps to do so.  *See* ECF No. 8 at 14.