**ACOM**
JOHN HENRY WRIGHT, ESQ.
Nevada Bar No. 6182
**THE WRIGHT LAW GROUP, P.C.**
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Telephone: (702) 405-0001
Facsimile:  (702) 405-8454
Email: john@wrightlawgroupnv.com

*Attorney for Plaintiff*
*TRP FUND IV, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TWINROCK HOLDINGS, LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC., a New York Corporation; NATIONAL DEFAULT SERVICING CORPORATION, a foreign corporation; BRECKENRIDGE PROPERTY FUND 2016, LLC, a foreign Limited Liability Company, DOES I through X, inclusive; and ROE ENTITIES XI through XX,<br><br>Defendants. | CASE NO: 2:22-cv-00143-JAD-VCF |

## **AMENDED COMPLAINT**

Plaintiff TWINROCK HOLDINGS, LLC, a Utah Limited Liability Company ("Plaintiff") files its Amended Complaint and alleges against above-named defendants as follows:

### **I. PARTIES**

1. Plaintiff is a Utah Limited Liability Company and was the title owner of the property commonly known as **7313 Hospitality Place, Las Vegas, NV 89131, APN # 125-16-416-030** (the "Property").

2. Upon information and belief, Defendant CITIMORTGAGE, INC., is a New York corporation ("CITI"), that claimed an interest in the Property via a deed of trust securing a loan originated by the prior owners, Wayne Berwick and Debra Berwick, through Home Loan Center, Inc., dba Lending Tree Loans, on or around March 20, 2006 recorded at instrument No.

20060320:0002449 with the Clark County Recorder, State of Nevada and transferred to CITI in 2010 at recorded instrument number 20101216:0000294.

3. Defendant NATIONAL DEFAULT SERVICING CORPORATION ("NATIONAL"), is a foreign corporation that recorded a Notice of Default and Election to Sell with the Clark County Recorder's Office, on behalf of CITI and against the property as Instrument No. 20210909:0001557, as well as a Notice of Sale, again on behalf of CITI, as Instrument No. 20211210-0002336.

4. Defendant BRECKENRIDGE PROPERTY FUND 2016, LLC ("BRECKENRIDGE'), is a foreign Limited Liability Company and claims an interest in the Property by way of a Trustee's Deed of Sale recorded in the office of the Clark County Recorder's Office against the property as Instrument No. 20220316:0000006.

5. Upon information and belief, each of the defendants sued herein as DOES I through X, inclusive claim an interest in the Property or are responsible in some manner for the events and action that Plaintiff seeks to enjoin; that when the true names capacities of such defendants become known, plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

6. Upon information and belief, each of the defendants sued herein as ROE CORPORATIONS I through X, inclusive claim an interest in the Property or are responsible in some manner for the events an happenings herein that plaintiff seeks to enjoin; that when the true names capacities of such defendants become known, Plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

**II. JURISDICTION**

7. This Court has jurisdiction to adjudicate this matter pursuant to 28 U.S.C. § 1332, as all Parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in

THE WRIGHT LAW GROUP P.C.
2340 Paseo Del Prado, Suite D-305
Las Vegas, Nevada 89102
Tel: (702) 405-0001 Fax: (702) 405-8454

this district and the Property that is the subject of this action is situated in this district, Las Vegas, Clark County, Nevada.

### III.  GENERAL ALLEGATIONS

9. Wayne and Debra Berwick, (together "Berwick") acquired title to the Property in May 2004 via a Grant Bargain Sale Deed recorded in the office of the Clark County Recorder as Instrument No. 20040514:0003181.  The Property is located in a neighbourhood governed by CC&R's of the Elkhorn Community Association (the "HOA") and is subject to monthly assessments.

10. Approximately two (2) years later Berwick executed a Deed of Trust which was recorded in the Official Records of the Clark County Recorder on March 20, 2006 as instrument 20060320:0002449.  The Deed of Trust was security for a Note in favor of Home Loan Center, Inc., dba Lending Tree Loans in the amount of $180,000.00.

11. Berwick defaulted on the loan payments under the Note in August 2009.  Around the same time, Berwick also stopped paying the monthly HOA assessments.

12. On or about January 20, 2010, the HOA recorded a Notice of Default and Election to Sell Under Notice of Delinquent Assessment Lien with the office of the Clark County Recorder as Instrument No. 20100120:0002839.

13. On March 24, 2010, Berwick filed a petition for Chapter 7 Bankruptcy under case number 10-14965-mkn, at which time Berwick stated their intention to surrender the Property.

14. On July 6, 2010, the bankruptcy court entered an Order Discharging Debtors.

15. Berwick neither reaffirmed the debt secured by the deed of trust, nor did they make any further payments.

16. On or about October 27, 2010, Cal-Western Reconveyance Corporation recorded a Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust, as Instrument No. 20101027:0003861, alleging that the above-mentioned deed of trust recorded on March 20, 2006, was in default and therein declared:

> That by reason thereof, the below set out beneficiary under such Deed of Trust, has executed and delivered to the Trustee, a written Declaration of Default and Demand for Sale, and has deposited with said Trustee such Deed of Trust and all document evidencing obligations secured thereby and has

<u>declared</u> and does hereby declare <u>all sums secured thereby immediately due and payable</u> and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Thus indicating that the debt had been previously accelerated by Home Loan Center, Inc., dba Lending Tree Loans., or MERS, the then beneficiary of record.

17. On or about December 16, 2010 the deed of trust was transferred to CITI pursuant to an Assignment of Deed of Trust recorded in the office of the Clark County Recorder as Instrument No. 20101216:0000294. No further action was taken by CITI to continue with the foreclosure of the deed of trust.

18. Pursuant to NRS § 106.240, a lien created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

19. There has been no extension recorded indicating that the debt secured by the deed of trust is no longer wholly due.

20. On October 18, 2012, the HOA recorded a Notice of Foreclosure Sale in the office of the Clark County Recorder as Instrument No. 20121018:0001773.

21. The Property was acquired by Premiere One Holdings, Inc., by successfully bidding on the Property at a publicly-held foreclosure auction in accordance with NRS § 116.3116, *et. seq.,* and by paying the sum of $4,100.00. A Trustee's Deed Upon Sale was recorded in the office of the Clark County Recorder as Instrument No. 20121119:0002852.

22. On January 30, 2913, Premiere One Holdings, Inc., filed a Complaint in the Eighth Judicial District Court in Clark County, Nevada, seeking Quiet Title to the Property.

23. On March 20, 2013, CITI filed a Counterclaim, asserting that the HOA foreclosure did not extinguish the Deed of Trust.

24. On September 6, 2018, the Property was transferred to Golden Creek Holdings via a Quit Claim Deed recorded in the office of the Clark County Recorder as Instrument No. 20180906:0002119.

25. On September 24, 2018, after several years of litigation and a hearing on the parties' respective motions for summary judgment, the District Court issued its Findings of Fact and Conclusions of Law and entered Judgment Quieting Title to the Property in favor of Premiere One. The Findings of Fact, Conclusions of Law and Judgment were recorded in the office of the Clark County Recorder as Instrument No. 20181106:0002793.

26. On October 24, 2018, CITI filed a Notice of Appeal, but did not seek a stay of the judgment or post a supersedes bond.

27. The Property was subsequently transferred to Plaintiff on November 15, 2018, via a Quit Claim Deed recorded in the office of the Clark County Recorder as Instrument No. 20181115:0002547.

28. At the time that the Property was acquired by Plaintiff, the Findings of Fact, Conclusions of Law and Judgment from the District Court was still of record and there was nothing recorded in the office of the Clark County Recorder that would suggest that Plaintiff was acquiring title subject to any other encumbrances.

29. On April 28, 2020, the Nevada Supreme Court issued an Order vacating the District Court's Judgment declaring that because the loan secured by the deed of trust was held by Freddie Mac pursuant to 12 U.S.C. § 4716(j)(3) the deed of trust was not extinguished by the HOA foreclosure in 2012.

30. On October 22, 2020, CITI caused to be recorded a Notice of Rescission of Notice of Breach and Default and Election to Sell to Cause Sale of Real Property Under Deed of Trust. This Notice purports to rescind the Notice of Default that was recorded on October 27, 2010, while acknowledging two things: First, CITI acknowledges that the debt owed by Berwick was discharged back on July 6, 2010, when the U.S. Bankruptcy Court issued its Order of Discharge. Second, the Notice also acknowledges that the debt had previously been accelerated by CITI's predecessor prior to the Berwick bankruptcy as a result of Berwick failing to make the August 1, 2009 payment and all subsequent payments. The Notice states in bolded wording:

> PLEASE NOTE THIS IS NOT AN ATTEMPT TO COLLECT A DEBT, WAYNE AND DEBRA BERWICK'S BANKRUPTCY DISCHARGED THEM OF ANY PERSONAL LIABILITY ON THE LOAN secured by the above-referenced deed of trust. The purpose of this document is to decelerate

the subject loan until such time as the deed of trust beneficiary or its successors or assigns MAY ELECT to foreclose pursuant to the deed of trust.

31. On or about November 18, 2020, the District Court entered a final judgment on remand declaring that the Property was sold at the HOA foreclosure sale subject to the deed of trust held by CITI.

32. On September 9, 2021, approximately one year after recording the above-referenced Notice of Rescission, CITI caused a Notice of Default and Election to Sell Under Deed of Trust to be recorded as Instrument No. 20210909:0001557.

33. Despite that the entire debt secured by the deed of trust was discharged on July 6, 2010 and no further payments could become due, this Notice of Default again states:

> That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
>
> The installments of principal and interest which became due on 08/01/2009 and all subsequent installments of principal and interest through the date of this Notice. . .

Thus, despite that the debt was fully accelerated more than twelve (12) years ago and despite that the last possible payment due (the maturity of the debt) was no later than July 6, 2010, the date of discharge, CITI indicated its intent to foreclose on a deed of trust that is no longer valid.

34. CITI served a Notice of Trustee's Sale in the office of the Clark County Recorder as Instrument No. 20211210-0002336, setting a foreclosure sale for January 19, 2022. The Notice of Trustee's Sale states that the total amount of the unpaid balance of the obligation secured by the property is $365,118.62, which includes principal, interest, and late fees, as well as costs.

35. Plaintiff was the owner of right, title, and interest in the Property. Therefore, Plaintiff filed a complaint in the Eighth Judicial District Court of Clark County, Nevada on January 11, 2022. Plaintiff also moved for a Temporary Restraining Order and Preliminary Injunction since the contemplated sale was scheduled for January 19, 2022.

36. The State District Court granted Plaintiff's request for a Temporary Restraining Order on January 13, 2022 and directed Plaintiff to post a bond in the amount of $1,000, which Plaintiff posted on January 14, 2022, and scheduled a hearing on the Motion for Preliminary Injunction for January 27, 2022, at 9:30 a.m.

37. After the issuance of the Temporary Restraining Order and one day before the hearing on Plaintiff's motion for Preliminary Injunction, CITI removed the case from State Court to Federal District Court on January 26, 2022.

38. On February 22, 2022, Plaintiff sought an order granting Plaintiff a Preliminary Injunction in order to prevent CITI from foreclosing on the Property on March 4, 2022 and anytime thereafter while this litigation is pending.

39. On March 3, 2022, Plaintiff's motion for preliminary injunction was denied, allowing CITI and its co-defendant NATIONAL to proceed with the foreclosure of CITI's deed of trust and sell Plaintiff's Property.

40. On March 4, 2022, NATIONAL did in fact sell the Property to Breckenridge Property Fund 2016, LLC for the amount of $369,000.00. A Trustee's Deed of Sale was recorded against the property as Instrument No. 20220316:0000006.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Wrongful Foreclosure- Violations of NRS 107, Against CITI and NATIONAL)**

41. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint as though fully set forth below.

42. NATIONAL and CITI conducted a foreclosure in violation of NRS § 107.

43. NATIONAL is the only entity empowered by law to conduct the sale of a security of an obligation under a deed of trust.

44. NATIONAL is the only entity with the authority to prepare and execute the Affidavit of Authority to Exercise the Power of Sale under NRS § 107.0805(2).

45. An entity, identified as Cenlar FSB, with the same physical address as CITI, and who purports to be a sub-servicer for CITI, executed the Affidavit of Authority to Exercise the Power of Sale in an attempt to perform an "end-run" around the express requirements of the statute, to wit, that the trustee have personal knowledge or review the records of the beneficiary which are maintained as required under NRS § 51.135.

46.     The failure to have the trustee conduct the investigation to support the affidavit required under NRS § 107.0805(2) renders the foreclosure, the Notice of Default and the Notice of sale, all void, *ab initio*.

47.     Plaintiff is entitled to an order declaring the foreclosure sale void and restoring Plaintiff its title to the Property and/or for the award of actual damages.

48.     Plaintiff has been forced to retain The Wright Law Group, P.C., and prosecute the foregoing action, and Plaintiff is entitled to an award of attorneys' fees and costs against CITI and NATIONAL for the need to bring the instant complaint for relief.

## SECOND CLAIM FOR RELIEF

### (Wrongful Foreclosure/Chain of Title, Against CITI and NATIONAL )

49.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint as though fully set forth below.

50.     The affidavit provided in this case does not identify the holder of the note nor is there any confirmation of actual possession of the note, it merely raises several competing possibilities of who the holder of the note could be.

51.     Plaintiff has on many occasions sought to view the note from a beneficiary alleging to have possession of the same only to find that the note cannot be found, is not in the possession of the beneficiary and was either lost, misplaced or never transferred from one beneficiary and/or trustee to another breaking the chain of title.

52.     Plaintiff is informed and believes that the note in this case contains a blank endorsement which is the equivalent to being payable to the bearer of the note.

53.     The information provided by NATIONAL and CITI provides no clarity to actual possession of the note which is required for foreclosure because all it does is copy the language of the statute.

54.     Plaintiff is demanding that the note actually be proven to be in the possession of CITI and/or NATIONAL and not floating somewhere else as whomsoever holds the note, if it is indeed endorsed in blank, and not in the name of the beneficiary, there is no unity and the foreclosure is/was invalid.

1   55.     If Defendants are not in possession of the Note or are unable to produce same, Plaintiff is entitled to an order declaring the current foreclosure void and restoring Plaintiff its title to the Property and/or for the award of actual damages

56.     Plaintiff has been forced to retain The Wright Law Group, P.C., and prosecute the foregoing action, and Plaintiff is entitled to an award of attorneys' fees and costs against CITI and NATIONAL for the need to bring the instant complaint for relief.

### THIRD CLAIM FOR RELIEF

**(Wrongful Foreclosure-Lack of Unity, Against CITI and NATIONAL)**

57.     Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint as though fully set forth below.

58.     However, "[a] promissory note and a security deed are two separate, but interrelated, instruments." *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 259 (Nev. 2012)(quoting *Morgan v. Ocwen Loan Servicing, LLC*, 795 F. Supp 2d 1370, 1374 (N.D. Ga. 2011)).

59.     Separate rules govern the transfer of a Deed of Trust and Promissory Note and such transfers "are distinctly separate." *Edelstein,* 286 P.3d at 257 (rejected traditional rule that the assignment of a note carries the deed of trust with it) ( quoting *Leyva*, 255 P.3d at 1279).  Because a Deed of Trust "constitutes a conveyance of land as defined by NRS § 111.010" and a Promissory Note does not, Article 3 of the Uniform Commercial Code governs the transfer of a right to payment under a Note, while the statue of frauds governs assignment of a Deed of Trust.  *Leyva,* 255 P.3d at 1279 (citing NRS § 104.3101 - 104.3605; NRS § 111.205(1))(emphasis added).

60.     Before NATIONAL, as trustee, and CITI, as beneficiary, can foreclose, CITI must have actual possession of the note along with the purported transfer of the deed of trust.

61.     CITI's purported sub-servicer authored an Affidavit which is contradictory. In paragraph 4, the affidavit claims the address of the holder of the note is CITI, but in paragraph 7 of the same document, CITI claims that the actual holder of the note is either the beneficiary, successor in interest of the beneficiary, or trustee of the Deed of trust who is in actual or constructive possession of the note secured by the Deed of Trust or the beneficiary, its successor

1  in interest, or the trustee, which may be entitled to enforce the obligations or debt secured by the
2  Deed of Trust.

3      62.    On its face, CITI and NATIONAL lack the requisite unity of interest to proceed
4  under NRS § 106, 107, 110 and 111. CITI's sub-servicer by affidavit that after reviewing records
5  allegedly held in the ordinary course and it has no idea who actually holds the note.

6      63.    CITI and NATIONAL lack the requisite unity of ownership to foreclose. Plaintiff
7  is entitled to an order declaring the current foreclosure void and restoring Plaintiff its title to the
8  Property and/or for the award of actual damages

9      64.    Plaintiff has been forced to retain The Wright Law Group, P.C., and prosecute the
10 foregoing action, and Plaintiff is entitled to an award of attorneys' fees and costs against CITI and
11 NATIONAL for the need to bring the instant complaint for relief.

## FOURTH CAUSE OF ACTION

### (Wrongful Foreclosure on Non-Existing Debt - Against CITI and NATIONAL)

14     65.    Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of
15 this Complaint as though fully set forth below.

16     66.    Upon information and belief, CITI no longer had any interest in the Property as a
17 matter of law because CITI or its predecessor accelerated the payments due under the Note secured
18 by the Deed of Trust on or before August 1, 2009. According to the Notice of Default and Election
19 to Sell recorded on September 9, 2021, the last payment made by Berwick was in July 2009 and
20 Berwick has been in default since August 1, 2009. Thus, CITI, or its predecessor, undoubtedly
21 accelerated the debt then secured by the Deed of Trust. Prior to October of 2020, there is no
22 evidence in the county records that CITI ever attempted to decelerate the debt and the same could
23 not have been extended, as Berwick did not reaffirm the debt at the time of their bankruptcy.
24 Therefore, as of July 6, 2020, at the very latest, the Deed of Trust is deemed terminated as a matter
25 of law. NRS § 106.240 provides:

> The lien heretofore or hereafter created of **any** mortgage or **deed of trust** upon any real property, appearing of record, and not otherwise satisfied and discharged of record, ***shall at the expiration of 10 years* after the debt** secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof **become wholly due**, *terminate*, and it

shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged. (Emphasis added)

67. In *Pro-max Corp. v. Feemstra,* 117 Nev. 90 16 P3d 1074 (2001), the Nevada Supreme Court noted that NRS § 106.240 "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due," and ruled that "the conclusive presumption contained in NRS § 106.240 clearly and unambiguously applies without limitation to all debts secured by deeds of trust on real property," As the debt secured by the Deed of Trust has been wholly due for a period exceeding 10 years, without extension, same has been terminated as a matter of law pursuant to NRS § 106.

68. Alternatively, the deed of trust was terminated as of July 6, 2020, which is ten years after the debt was deemed matured as a result of the Berwick discharge of same under Chapter 7 Bankruptcy proceedings.

69. The Ninth Circuit Court of Appeals has determined that the discharge of the debt in bankruptcy has the effect of making the entire debt due, regardless of whether the creditor has accelerated the debt. Thus, acceleration by CITI or its predecessor is of no consequence. In *Jarvis v. Federal National Mortgage Association*, Case No. 17-35428 (June 14, 2018) (Unpublished), the Ninth Circuit Court of Appeals addressed the effect that discharge has on a debt that has not been reaffirmed by the debtors.

70. As the debt secured by the Deed of Trust was accelerated, declared wholly due, and was discharged, the Deed of Trust was terminated and no longer enforceable.

71. Plaintiff is entitled to a Declaration and Order from this Court Quieting Title in favor of Plaintiff and stating that the Deed of Trust was unenforceable and void as an encumbrance upon the subject Property and CITI and NATIONAL were prohibited by law from foreclosing or selling the Property.

72. Plaintiff has been forced to retain The Wright Law Group, P.C., and prosecute the foregoing action, and Plaintiff is entitled to an award of attorneys' fees and costs against CITI and NATIONAL for the need to bring the instant complaint for relief.

73. Plaintiff is entitled to general and special damages well in excess of $75,000.00.

**FIFTH CLAIM FOR RELIEF**

**(Quiet Title - Against BRECKENRIDGE and CITI )**

74. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint as though fully set forth below.

75. Pursuant to NRS § 30.010, *et. seq*. and NRS § 40.010, this Court has the power and authority to declare the Plaintiff's rights and interests in the Property and to resolve the Defendants' adverse claims in the Property.

76. Plaintiff acquired the Property on November 15, 2018, via a Quit Claim Deed recorded in the office of the Clark County Recorder as Instrument No. 20181115:0002547.

77. Upon information and belief, BRECKENRIDGE may claim an interest in the Property through Trustee's Deed of Sale recorded in the office of the Clark County Recorder's Office against the property as Instrument No. 20220316:0000006.

78. BRECKENRIDGE was duly notified of the existence of the present litigation regarding the wrongful conduct of co-defendants CITI and NATIONAL, via the Notice of Lis Pendens recorded by Plaintiff in the office of the Clark County Recorder at Instrument No. 2022-118:0000712. Thus, BRECKENRIDGE cannot claim bona fide purchaser status.

79. Upon information and belief, CITI no longer has any interest in the Property as a matter of law because CITI or its predecessor accelerated the payments due under the Note secured by the Deed of Trust on or before August 1, 2009. According to the Notice of Default and Election to Sell recorded on September 9, 2021, the last payment made by Berwick was in July 2009 and Berwick has been in default since August 1, 2009. Thus, CITI, or its predecessor, undoubtedly accelerated the debt then secured by the Deed of Trust. Prior to October of 2020, there is no evidence in the county records that CITI ever attempted to decelerate the debt and the same could not have been extended, as Berwick did not reaffirm the debt at the time of their bankruptcy. Therefore, as of July 6, 2020, at the very latest, the Deed of Trust is deemed terminated as a matter of law. NRS § 106.240 provides:

> The lien heretofore or hereafter created of **any** mortgage or **deed of trust** upon any real property, appearing of record, and not otherwise satisfied and discharged of record, ***shall at the expiration of 10 years* after the debt** secured by the mortgage or deed of trust according to the terms thereof or any

1  recorded written extension thereof **become wholly due**, *terminate*, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged. (Emphasis added)

80. In *Pro-max Corp. v. Feemstra,* 117 Nev. 90 16 P3d 1074 (2001), the Nevada Supreme Court noted that NRS § 106.240 "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due," and ruled that "the conclusive presumption contained in NRS § 106.240 clearly and unambiguously applies without limitation to all debts secured by deeds of trust on real property," As the debt secured by the Deed of Trust has been wholly due for a period exceeding 10 years, without extension, same has been terminated as a matter of law pursuant to NRS § 106.

81. As the debt secured by the Deed of Trust has been terminated, the Deed of Trust was unenforceable and created a cloud on the title held by Plaintiff.

82. Plaintiff is entitled to a Declaration and Order from this Court Quieting Title in favor of Plaintiff and stating that the Deed of Trust was unenforceable and void as an encumbrance upon the subject Property and CITI and NATIONAL were prohibited from foreclosing or selling the Property.

83. In the alternative, the deed of trust was terminated as of July 6, 2020, which is ten years after the debt was deemed matured as a result of the Berwick discharge of same under Chapter 7 Bankruptcy proceedings.

84. The Ninth Circuit Court of Appeals has determined that the discharge of the debt in bankruptcy has the effect of making the entire debt due, regardless of whether the creditor has accelerated the debt. Thus, acceleration by CITI or its predecessor is of no consequence. In *Jarvis v. Federal National Mortgage Association*, Case No. 17-35428 (June 14, 2018) (Unpublished), the Ninth Circuit Court of Appeals addressed the effect that discharge has on a debt that has not been reaffirmed by the debtors, even if the debt is owned by Fannie Mae or Freddie Mac. The Ninth Circuit, addressing a state statute of limitations, stated:

> The Jarvises never reaffirmed or made any further payments on the note after their bankruptcy, and neither Fannie Mae nor any prior holder of the deed of trust ever accelerated the debt or initiated foreclosure proceedings. The statute of limitations to foreclose on the deed of trust ran from the last installment due before the Jarvises' bankruptcy discharge in February 2009 and expired before the Jarvises brought this quiet title action nearly seven

years later in February 2016. Summary judgment in favor of the Jarvises on their quiet-title claim was therefore appropriate.

The Ninth Circuit affirmed judgment from the Federal District Court that had ruled that the bankruptcy discharge has the effect of making the discharge date the actual maturity date of the debt. This is because the debt is discharged and no further payments can be deemed to be due. The District Court, relying on two previous decisions from the Washington appellate courts, stated:

> The Court agrees with *Silvers*' and *Edmundson's* holdings. The discharge of a borrower's personal liability on his loan – the cessation of his installment obligations – is the analog to a note's maturation. In both cases, no more payments co78ld become due that could trigger RCW 4.16.040's limitations period. The last-owed payment before the discharge of a borrower's personal liability on a loan is the date from which a secured creditor has six years to enforce a deed of trust securing the loan.

Thus, although NRS §106.240 is a statute of repose, the effect of the Berwick bankruptcy discharge has the same effect because the debt was fully matured on July 6, 2010, the deed of trust has been terminated, is unenforceable and creates a cloud on the title held by Plaintiff.

85. Plaintiff is entitled to a Declaration and Order from this Court Quieting Title in favor of Plaintiff and stating that the Deed of Trust was unenforceable and void as an encumbrance upon the subject Property and CITI and NATIONAL were prohibited by law from foreclosing or selling the Property.

86. As an additional alternative, the deed of trust is no longer valid because Plaintiff is a Good Faith Purchaser, having purchased a property that was not subject to CITI's deed of trust. It is undisputed that at the time Plaintiff purchased the property, November 15, 2018, the district court had entered an Judgment expressly stating:

> THEREFORE, PURSUANT TO THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGE AND DECREED that the Deed of Trust and any assignments thereof, as liens on the Subject Property are hereby cancelled and without legal force or effect, and do not convey any right, title or interest in and to the Subject Property to Citi and/or its predecessors in interest and/or its assignees.
>
> IT IS FURTHER HEREBY ORDERED, ADJUDGE AND DECREED that Citi and/or its predecessors in interest and/or assignees do not have nay estate, right, title, lien or interest in or to the Subject Property or any part of the Subject Property.

87. An appeal of the above order/judgment to the Nevada Supreme Court in no way invalidated or effected the Judgment.

Page 14 of 20

88. To protect its interest, CITI was required to request a stay of the order/judgment and post a supercedes bond. CITI chose not to supercede the order/judgment of September 24, 2018 pending its appeal to the Nevada Supreme Court, Plaintiff, therefore, purchased the Subject Property free and clear of CITI's deed of trust that was in effect at the time of purchase.

89. The Nevada Supreme Court has addressed instances like this, where the party appealing a district court judgment involving real property chose not to supercede same pending the appeal, i.e. seeking a stay of the order/judgment pending appeal. The Nevada Supreme Court in the case of *Cox v. Eighth Judicial District Court*, 124, Nev. Adv. Op. 78 (October 2, 2008), cited to a variety of cases from other jurisdictions confirming the finality of sales of real property based on a judgment effecting real property that was later reversed. One of the cases cited was *Estate of Spahi v. Hughes-Northwest, Inc.*, 107 Wn. App. 763 (Wash. Ct. App. 2001), wherein the Washington Court of Appeals discussed how a party appealing a judgment effecting real property must supercede by seeking a stay of the judgment pending the appeal wherein failure to do so will be fatal to his claim against a subsequent purchaser pending the appeal.

90. It was absolutely fatal for CITI to fail to seek a stay of the district court's order/judgment of September 24, 2018 pending appeal. The subsequent judgment was only to Premier One Holdings and had no effect whatsoever on Plaintiff having purchased the subject property on November 15, 2018.

91. Plaintiff is entitled to a declaratory judgment from this Court finding that: (1) Plaintiff is the title owner of the Property; (2) the Trustee's Deed of Sale is not valid and not enforceable; and (3) Plaintiff's rights and interest in the Property are superior to any adverse interest claimed by Defendants.

92. Plaintiff seeks an order from the Court quieting title to the Property in favor of Plaintiff.

/ / /
/ / /
/ / /
/ / /



### SIXTH CLAIM FOR RELIEF

**(Unjust Enrichment, against CITI - Pleaded in the Alternative)**

93. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs of this Complaint as though fully set forth below. If Plaintiff is unsuccessful in obtaining title to the Property, it is then entitled to the relief sough in this casue of action.

94. Berwick filed a Chapter 7 Petition for Bankruptcy on March 27, 2020. At the time of filing the petition the amount owed under CITI's Deed of Trust was claimed to be $173,246.00. CITI did not file a proof of claim or otherwise challenge the amount owed under the Deed of Trust as of March 27, 2010.

95. On July 6, 2010, the bankruptcy court entered an Order Discharging the entire debt of $173.246, as against Berwick.

96. Berwick neither reaffirmed the debt secured by the deed of trust, nor did they make any further payments.

97. Under the bankruptcy code, the debt secured by CITI's deed of trust was fully matured upon the filing of the Petition by Berwick. Pursuant to 11 U.S.C. § 502(b)(2) all unmatured interest no longer exists and is not allowed. Thus, the total amount of the debt under the Deed of Trust was cemented at $176.246.00.

98. On March 4, 2022, NATIONAL, on behalf of CITI, sold the Property to BRECKENRIDGE at a foreclosure sale for the amount of $369,000.00. A Trustee's Deed Upon Sale was recorded against the property as Instrument No. 20220316:0000006.

99. Because the sale proceeds of $369,000.00 exceeded the allowable amount of the claim of $176,246.00, the sale resulted in excess proceeds of $192,754.00. These excess proceeds represent the equity in the Property that rightfully belongs to Plaintiff as the title owner of the Property that was sold.

100. CITI has retained the excess proceeds from the sale, which belong to Plaintiff pursuant to NRS § 40.462(2)(d).

101. Plaintiff will be damaged if Defendants retain the benefit of the funds and resources belonging to Plaintiff.

102. Plaintiff has been forced to retain The Wright Law Group, P.C., and prosecute the foregoing action, and Plaintiff is entitled to an award of attorneys' fees and costs against CITI and NATIONAL for the need to bring the instant complaint for relief.

103. Plaintiff is entitled to general and special damages well in excess of $75,000.00.

## SEVENTH CLAIM FOR RELIEF

### (Civil Conspiracy- Against CITI and NATIONAL)

104. Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint as though fully set forth below.

105. Plaintiff seeks damages for Civil Conspiracy against CITI and NATIONAL.

106. At all times herein stated, CITI knew that the debt secured by the Deed of Trust had been fully accelerated and became wholly due upon the discharge of the same in bankruptcy by Berwick on July 6, 2010.

107. Defendants CITI and NATIONAL were also fully aware that the deed of trust had been terminated by operation of NRS § 106.240 and that the same could not legally be foreclosed.

108. Despite knowing that the debt had been accelerated and deemed wholly due by the Berwick bankruptcy in July 2010, and despite knowing that the deed of trust was terminated not later than ten (10) years after the debt was deemed wholly due, CITI and NATIONAL nonetheless recorded a Notice of Default and Election to Sell, a Notice of Sale, and proceeded to sell Plaintiff's Property.

109. Pursuant to NRS § 205.395 it is illegal for any person to claim an interest in, or a lien or encumbrance against, real property in a document that is recorded in the office of the county recorder in which the real property is located and who knows or has reason to know that the documents is forged or groundless, contains a material misstatement or false claim or is otherwise invalid.

110. The tort of civil conspiracy is recognized in Nevada, and a suit for damages based thereon may be permissible. *Aldade v. Adams*, 81 Nev. 280, 402 P.2d 34 (1965)(overruled on other grounds). "a claims for civil conspiracy should identify a combination between two or more persons and should name the alleged parties to the conspiracy." In addition, the claim should

1  identify the required unlawful objective." *Morris v. Bank of Am. Nevada*, 110 Nev. 1274, 886 P.2d
2  454 (1994).

3        111.    Defendants did willfully and intentionally agree with one another to engage in
4  conduct, including the recording of false notices in violation of NRS § 205.395 and conducting a
5  wrongful foreclosure sale in violation of NRS § 107.080, for the purpose of acquiring and the sales
6  proceeds to recover a debt that was discharged on July 6, 2010, by the bankruptcy court and based
7  on a deed of trust that had been terminated and which both CITI and NATIONAL knew was no
8  longer of legal force and effect, causing grave harm to Plaintiff.

9        112.    Defendants did willfully and intentionally, acting in concert and in combination,
10 with each in full knowledge of and ratifying the acts of the other, commit the above identified acts
11 in furtherance of their agreement to cause harm to Plaintiff.

12       113.    The civil conspiracy, malice, and oppression caused by CITI and NATIONAL
13 caused Plaintiff to be damaged in an amount well in excess of $75,000.00.

14       114.    As a result of Defendants' conspiracy, Plaintiff has been forced to retain The Wright
15 Law Group, P.C., and prosecute the foregoing action, and Plaintiff is entitled to an award of
16 attorneys' fees and costs against CITI and NATIONAL for the need to bring the instant complaint
17 for relief.

## V. PRAYER FOR RELIEF

Plaintiff requests judgment against Defendants as follows:

1. For an Order declaring that the foreclosure conducted by CITI and NATIONAL was wrongful and that the sale of the Property is void as to BRECKENRIDGE and that Plaintiff is the legal holder of title to the Property;

2. For an Order requiring that the note be produced in the original "wet ink" format to confirm actual possession or that Defendants produce the written agreement that the note is being held in custodial format by another.

3. For an Order that the deed of trust was terminated pursuant to NRS § 106.240 as a the discharge of the underlying debt in bankruptcy resulted in the debt becoming wholly due on or before July 6, 2010.

4. For an order awarding special and exemplary damages to Plaintiff based on the conspiracy between CITI and NATIONAL to wrongfully sell Plaintiff's Property with the intent to abscond with the proceeds therefrom.

5. In the alternative, for an Order that CITI immediately pay all excess proceeds from the sale in accordance with NRS § 40.462(2)(d).

6. For an award of actual damages in excess of $75,000.00 which shall include attorneys' as special damages;

7. For an award of attorneys' fees and costs of suit; and

8. For any further relief that the Court may deem just and proper.

Dated this 25th day of March, 2022.

                                              Respectfully submitted by:
                                              **THE WRIGHT LAW GROUP, P.C.**

                                              /s/ *John Henry Wright, Esq.*
                                              JOHN HENRY WRIGHT, ESQ.
                                              Nevada Bar No. 6182
                                              2340 Paseo Del Prado, Suite D-305
                                              Las Vegas, Nevada  89102
                                              Telephone:  (702) 405-0001
                                              Facsimile:   (702) 405-8454

                                              *Attorneys for Plaintiff*
                                              *TWIN ROCK HOLDINGS, LLC*



**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **AMENDED COMPLAINT** was submitted electronically for filing and/or service with the Eighth Judicial District Court on the 25th day of March, 2022. Electronic service of the foregoing document shall be made in accordance with the E-Service List as follows:[1]

**WOLFE & WYMAN LLP**
David T. Blake, Esq.            dtblake@ww.law

*Counsel for Citimortgage, Inc.*

**TIFFANY & BOSCO, P.A.**
Krista J, Nielson, Esq.          knielson@tblaw.com

*Counsel for National Default Servicing Corporation*

I further certify that I served a copy of this document by mailing a true and correct copy, thereof, postage prepaid, addressed to:

None.

　　　　　　　　　　　　　　　　/s/ *Candi Ashdown*
　　　　　　　　　　　　　　An employee of **THE WRIGHT LAW GROUP, P.C.**



---

[1] Pursuant to EDCR Rule 8.05(a), each party who submits an E-Filed document through the E-Filing System consents to electronic service in accordance with NRCP Rule 5(b)(2)(D).