# EXHIBIT 9

```
Inst #: 20181106-0002793
Fees: $40.00
11/06/2018 04:13:40 PM
Receipt #: 3557522
Requestor:
JOSEPH HONG
Recorded By: BGN   Pgs: 8
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: FRONT COUNTER
Ofc: MAIN OFFICE
```

# RECORDING COVER PAGE

(Must be typed or printed clearly in BLACK ink only and avoid printing in the 1" margins of document)

APN# 125-16-416-030

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

## TITLE OF DOCUMENT
(DO NOT Abbreviate)

Findings of Fact, Conclusions of Law And Judgment

Document Title on cover page must appear EXACTLY as the first page of the document to be recorded.

RECORDING REQUESTED BY:

Hong & Hong

RETURN TO: Name  Joseph Hong, Esq.

Address  1980 Festival Plaza #600

City/State/Zip  Las Vegas, NV 89135

MAIL TAX STATEMENT TO: (Applicable to documents transferring real property)

Name_____

Address_____

City/State/Zip_____

This page provides additional information required by NRS 111.312 Sections 1-2.
An additional recording fee of $1.00 will apply.
To print this document properly, do not use page scaling.
Using this cover page does not exclude the document from assessing a noncompliance fee.
P:\Common\Forms & Notices\Cover Page Template Feb2014



Electronically Filed
9/24/2018 8:00 AM
Steven D. Grierson
CLERK OF THE COURT

# EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PREMIER ONE HOLDINGS, INC., a Nevada Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HAMERA CORPORATION, an Unknown Entity; E*TRADE BANK, an Unknown Entity; CITIMORTGAGE INC., a New York Corporation; ELKHORN COMMUNITY ASSOCIATION, a Nevada Non-Profit Corporation; CITY OF LAS VEGAS, a Government Entity; ATC ASSESSMENT COLLECTION GROUP, a California Limited Liability Company, DOES I-X INDIVIDUALS; and DOE ENTITIES XI-XX <br><br> Defendants. | CASE NO.:  A-13-675910-C <br><br> DEPT. NO.:  XXX |
| CITIMORTGAGE, INC., <br><br> Counter-Claimant <br><br> v. <br><br> PREMIER ONE HOLDINGS, INC., <br><br> Counter-Defendant | |

## FINDINGS OF FACTS, CONCLUSIONS OF LAW AND JUDGMENT

This matter having come on for Bench Trial before the Honorable Jerry A. Wiese on August 15, 2018; the Court having considered the evidence; and good cause appearing therefor, enters the following Findings of Facts, Conclusions of Law and Judgment.

## FINDINGS OF FACT

1. This case involves a real property commonly known as 7313 Hospitality Place, Las Vegas, Nevada 89131 (the "Subject Property").



2. On or about March 10, 2006, Wayne and Debra Berwick (the "Borrowers") obtained a loan for $180,000.00 in order to purchase the Subject Property.

3. Additionally, the Borrowers executed a promissory note (the "Underlying Loan") and a Deed of Trust in order to effectuate the purchase of the Subject Property. The Deed of Trust listed Home Loan Center, Inc., d/b/a LendingTree Loans ("Lending Tree") as the "Lender" and Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for Lending Tree, as the beneficiary under the Deed of Trust. The Deed of Trust was recorded on March 20, 2006 with the Clark County Recorder's Office.

4. On December 16, 2010, MERS, as the nominee for Lending Tree, the owner of the Underlying Loan, recorded an Assignment of Deed of Trust. The Assignment of Deed of Trust expressly stated that all beneficial interest in the Deed of Trust and the Underlying Loan was being granted, assigned, and transferred to Citimortgage, Inc. ("Citi").

5. On December 14, 2009, Elkhorn Community Association (the "HOA"), through its agent Angius & Terry Collections ("ATC"), recorded and served, pursuant to and in compliance with NRS Chapter 116, a Notice of Delinquent Assessment Lien. The notice stated an amount delinquent of $622.57.

6. On January 20, 2010, the HOA, through its agent ATC, recorded and served, pursuant to and in compliance with NRS Chapter 116, a Notice of Default and Election to Sell Under Notice of the Delinquent Assessment Lien. The notice stated an amount delinquent of $1,420.15.

7. On October 18, 2012, the HOA, through its agent ATC, recorded and served, pursuant to and in compliance with NRS Chapter 116, a Notice of Sale. The notice stated an amount delinquent of $3,846.65.

8. On November 13, 2012, Premier One Holdings, Inc. ("Premier") purchased the Subject Property at the public auction as the highest bidder for the amount of $4,100.00, as

evidenced by the Foreclosure Deed recorded on November 19, 2012 with the Clark County Recorder's Office.

9. The foreclosure sale complied with all statutory requirements for notices pursuant to NRS Chapter 116, and all applicable Nevada law.

10. There was no evidence of fraud, unfairness or oppression resulting in and/or causing the amount of the purchase price at the foreclosure sale and/or affecting the foreclosure sale.

11. At the time of the HOA foreclosure sale, Citi was physically in possession of the Underlying Loan, and CMI provided no evidence of a custodial agreement between CMI and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

12. Based upon the testimony and evidence presented, the Court finds that there was no competent evidence supporting the contention that Freddie Mac owned the Underlying Loan for the Subject Property at the time of the HOA foreclosure sale. The internal records and screen shots of Citi and Freddie Mac were insufficient to establish an ownership interest.

13. The Federal Foreclosure Bar, therefore, was not applicable.

## CONCLUSIONS OF LAW

1. As confirmed by the Nevada Supreme Court in its *SFR* Decision, the foreclosure sale that was conducted pursuant to NRS Chapter 116 extinguished CMI's and/or its predecessor's Deeds of Trust encumbering the Subject Property as a matter of Nevada law.

2. The Nevada Supreme Court in its *SFR* and *Shadow Wood* Decisions held and confirmed that the recitals as contained in the Foreclosure Deed serve as conclusive proof that the statutory requirements have been complied with as to the notice provisions of NRS 116.31162 through 116.31168, which concern the occurrence of default, notice, and publication of the foreclosure sale. *See SFR* at 411-412. Therefore, the conclusiveness of the recitals as contained in the Foreclosure Deed can only be challenged via post-sale equitable claims supported by a finding of unfairness of the sale. *See Shadow Wood* at 1110-1112.



3. The Nevada Supreme Court in the case of *Nationstar Mortgage, LLC. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. Adv. Op 91 (November 22, 2017), held that the commercial reasonableness standard, which derives from Article 9 of the Uniform Commercial Code, has no applicability in the context of a HOA foreclosure involving the sale of real property. The Nevada Supreme Court, therefore, confirmed its holding in *Shadow Wood* as to the long-standing rule that "inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale" absent additional "proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Shadow Wood* at 1111 (quoting *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P. 2d 989, 995 (1963).

4. The Nevada Supreme Court in its *PNC* Order in the case of *PNC Bank National Association v. Saticoy Bay LLC Series 9320 MT. Cash Ave. UT 103*, Nevada Supreme Court case no. 69595 (Nev. May 25, 2017 unpublished Order of Affirmance) held that the language in the pre-sale notices constituted prima facie evidence that a HOA was foreclosing on its superpriority lien comprised of monthly assessments pursuant to NRS Chapter 116.

5. Under Nevada law, certain presumptions are made pursuant to NRS 47.250, which provides, in relevant part, that there are disputable presumptions. "[t]hat higher evidence would be adverse from the inferior being produced." NRS 47.250(4).

6. "A presumption not only fixes the burden of going forward with evidence, but it also shifts the burden of proof." *Yeager v. Harrah's Club, Inc.*, 111 Nev. 830, 836, 897 P.2d 1083 (1959). "These presumptions impose on the party, against whom it [sic] is directed, the burden of proving that the nonexistence of the presumed fact is more probable than its existence." *Id*.

7. Under Article 3 of the Uniform Commercial Code as enumerated in NRS Chapter 104, a promissory note that is "endorsed-in-blank" is a bearer instrument, which means the physical possessor of the promissory note is the de facto owner. "If the note is payable to bearer, that 'indicates that the person in possession of the promise or order is entitled to payment.'" *Leyva*, 127

Nev. at 255 P.3d at 1280 (quoting NRS 104.3109(1)(a)); *see also* NRS 104.3205(2) (explaining that an instrument endorsed in blank is payable to bearer and "may be negotiated by transfer of possession alone"); NRS 104.3201(2) ("If an instrument is payable to bearer, it may be negotiated by transfer of possession alone."), *see Cf. Leyva*, 127 Nev. at  255 P.3d at 1280 (discussing the process to be entitled to enforce order paper). *Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 523, 286 P.3d 249, 261 (2012). Therefore, absent an endorsement or custodial agreement, the holder of the bearer instrument is the owner of same.

8. CMI, in claiming, as an affirmative defense and counterclaim, that the Underlying Loan for the Subject Property was *allegedly* owned by Freddie Mac at the time of the HOA foreclosure sale, bears the burden of proof as to that issue. CMI failed to provide insufficient evidence to establish that Freddie Mac owned, or had an ownership interest in, the Underlying Loan for the Subject Property at the time of the HOA foreclosure sale.

9. The publicly recorded Assignment of Deed of Trust, expressly identified CMI as the owner of the Underlying Loan, and was more convincing evidence of ownership than the evidence produced by Citi by way of the internal records of Citi and Freddie Mac.

10. CMI asserted a Counterclaim for Unjust Enrichment, based on the contention that CMI paid taxes and insurance from the date of the foreclosure sale through the date of trial.

11. To state a claim for unjust enrichment, a party must allege "[1] a benefit conferred on the defendant by the plaintiff, [2] appreciation by the defendant of such benefit, [3] acceptance and retention of such benefit [4] under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). "Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Id.* Additionally, "benefit in the unjust enrichment context. . .'denotes any form of

advantage,' and is not confined to retention of money or property." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012).

Here, CMI has paid taxes and insurance from the date of the foreclosure sale through the date of trial. The Stipulated facts indicate that from November 13, 2008 through March 12, 2018, CMI has paid $15,307.15 for taxes and insurance.

## ORDER/JUDGMENT

**THEREFORE, PURSUANT TO THE ABOVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Deed of Trust and any assignments thereof, as liens on the Subject Property are hereby cancelled and without legal force or effect, and do not convey any right, title or interest in and to the Subject Property to Citi and/or its predecessors in interest and/or its assignees.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that Citi and/or its predecessors in interest and/or assignees do not have any estate, right, title, lien or interest in or to the Subject Property or any part of the Subject Property.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that CMI is entitled to a monetary award for Unjust Enrichment, against Plaintiff, in the amount of $15,307.15.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that there is no just reason for delay of entry of final judgment and final judgment is so entered pursuant to Rule 54 of the Nevada Rules of Civil Procedure.

DONE and DATED this 21 day of September, 2018.

_____
DISTRICT COURT JUDGE

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE

_____
CLERK OF THE COURT

NOV 0 6 2018

