EXHIBIT 12

Inst #: 20200428-0002317
Fees: $42.00
04/28/2020 02:53:36 PM
Receipt #: 4060049
Requestor:
AKERMAN, LLP - LAS VEGAS
Recorded By: GYOUNG   Pgs: 5
DEBBIE CONWAY
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

# RECORDING COVER PAGE

(Must be typed or printed clearly in BLACK ink only and avoid printing in the 1" margins of document)

**APN#** 125-16-416-030

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

## TITLE OF DOCUMENT
### (DO NOT Abbreviate)

Order Reversing In Part, Vacating In Part And Remanding

**Document Title on cover page must appear EXACTLY as the first page of the document to be recorded.**

**RECORDING REQUESTED BY:**

Akerman LLP

**RETURN TO: Name** Akerman LLP

**Address** 1635 Village Center Circle, Suite 200

**City/State/Zip** Las Vegas, Nevada 89134

**MAIL TAX STATEMENT TO:** (Applicable to documents transferring real property)

**Name** N/A

**Address**

**City/State/Zip**

This page provides additional information required by NRS 111.312 Sections 1-2.
To print this document properly, do not use page scaling.
P:\Common\Forms & Notices\Cover Page Template Oct2017

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

CITIMORTGAGE, INC.,
Appellant,
vs.
PREMIER ONE HOLDINGS, INC.,
Respondent.

No. 77290-COA

**FILED**

APR 28 2020


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

*ORDER REVERSING IN PART,*
*VACATING IN PART AND REMANDING*

CitiMortgage, Inc. (Citi), appeals from a final judgment following a bench trial in a quiet title action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

The original owners of the subject property failed to make periodic payments to their homeowners' association (HOA). The HOA recorded a notice of delinquent assessment lien and later a notice of default and election to sell to collect on the past due assessments and other fees pursuant to NRS Chapter 116. The purchaser at the resulting foreclosure sale filed the underlying action seeking, among other things, to quiet title. The beneficiary of the first deed of trust on the property—Citi—filed an answer asserting 12 U.S.C. § 4617(j)(3) (the Federal Foreclosure Bar) as an affirmative defense, as well as counterclaims to quiet title and for unjust enrichment.

Following a bench trial, the district court found that "there was no competent evidence" that the Federal Home Loan Mortgage Corporation (Freddie Mac) owned the loan secured by the deed of trust at the time of the foreclosure sale and that the publicly recorded documents were "more convincing evidence of ownership" than Freddie Mac's internal records. Accordingly, the district court concluded that Citi failed to prove that




Freddie Mac had any ownership interest in the property that would implicate the Federal Foreclosure Bar, and it quieted title in favor of respondent Premier One Holdings, Inc. (Premier). But given that decision and because Citi had been paying taxes and insurance for the property from the date of the foreclosure sale through the date of trial, the district court granted Citi's unjust enrichment claim. This appeal followed.

This court reviews a district court's legal conclusions following a bench trial de novo, but we will not disturb the district court's factual findings "unless they are clearly erroneous or not supported by substantial evidence." *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

At the time of the district court's ruling, it did not have the benefit of recent precedent from the Supreme Court of Nevada resolving the issues at the heart of this case. *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 233-34, 445 P.3d 846, 849 (2019) (holding that a deed of trust need not be assigned to a regulated entity like Freddie Mac in order for it to own the secured loan—meaning that Nevada's recording statutes are not implicated—where the deed of trust beneficiary is an agent of the note holder). Under that decision, the evidence produced by Citi at trial— including testimony and business records from both Citi and Freddie Mac— was sufficient to prove Freddie Mac's ownership of the note and the agency relationship between Freddie Mac and Citi in the absence of contrary evidence. *See id.* at 233-36, 445 P.3d at 849-51 (affirming on similar evidence and concluding that neither the loan servicing agreement nor the original promissory note must be produced for the Federal Foreclosure Bar to apply). Given Freddie Mac's ownership of the note, the Federal Foreclosure Bar prevented extinguishment of Citi's deed of trust, and Premier took the property subject to it. *See Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev. 270, 273-74, 417 P.3d

363, 367-68 (2018) (holding that the Federal Foreclosure Bar preempts NRS 116.3116 such that it prevents extinguishment of the property interests of regulated entities under the Federal Housing Finance Agency's (FHFA) conservatorship without affirmative FHFA consent).

Based on the foregoing, we reverse the district court's judgment with respect to the parties' quiet title claims and remand this matter for entry of judgment in favor of Citi on those claims. *See Pink v. Busch*, 100 Nev. 684, 691, 691 P.2d 456, 461 (1984) ("[U]pon reversal, where the material facts have been fully developed at trial and are undisputed such that the issues remaining are legal rather than factual, we will . . . remand the case to the lower court with directions to enter judgment in accordance with [our order]."). And given that disposition, we also vacate the district court's judgment in favor of Citi on its unjust enrichment claim.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.
Tao

_____, J.
Bulla

---

[1]Insofar as the parties raise arguments that are not specifically addressed in this order, we have considered the same and conclude that they need not be reached given our disposition of this appeal.

Court of Appeals
of
Nevada

(O) 1947B

cc:   Hon. Jerry A. Wiese, District Judge
      Akerman LLP/Las Vegas
      Hong & Hong
      Eighth District Court Clerk

