# EXHIBIT 16



**User Name:** John Wright
**Date and Time:** Friday, February 11, 2022 7:23:00 PM EST
**Job Number:** 164145549

## Document (1)

1. *Jarvis v. Fannie Mae, 726 Fed. Appx. 666*
   **Client/Matter:** Twin Rock Holdings, LLC - Hospitality Place
   **Search Terms:** robert C. jarvis
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | Court: Federal > 1st Circuit1st Cir. - Ct. of App.,Federal > 2nd Circuit2nd Cir. - Ct. of App.,Federal > 3rd Circuit3rd Cir. - Ct. of App.,Federal > 4th Circuit4th Cir. - Ct. of App.,Federal > 5th Circuit5th Cir. - Ct. of App.,Federal > 6th Circuit6th Cir. - Ct. of App.,Federal > 7th Circuit7th Cir. - Ct. of App.,Federal > 8th Circuit8th Cir. - Ct. of App.,Federal > 10th Circuit10th Cir. - Ct. of App.,Federal > 11th Circuit11th Cir. - Ct. of App.,Federal > D.C. CircuitD.C. Cir. - Ct. of App.,Federal > Fed. CircuitFed. Cir. - Ct. of App.,Federal > 9th Circuit |

 Caution

As of: February 12, 2022 12:23 AM Z

# Jarvis v. Fannie Mae

United States Court of Appeals for the Ninth Circuit

June 7, 2018, Argued and Submitted, Seattle, Washington; June 14, 2018, Filed

No. 17-35428

**Reporter**
726 Fed. Appx. 666 *; 2018 U.S. App. LEXIS 15996 **; 2018 WL 2979017

ROBERT C. JARVIS; RETHA D. JARVIS, Husband and Wife, Plaintiffs-Appellees, v. FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federal corporation, Defendant-Appellant.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Subsequent History:** Motion denied by *Jarvis v. Fannie Mae (In re Jarvis), 2018 U.S. App. LEXIS 17054 (9th Cir. Wash., June 22, 2018)*

Costs and fees proceeding at, Motion granted by *Jarvis v. Fannie Mae, 2018 U.S. App. LEXIS 18500 (9th Cir. Wash., July 6, 2018)*

**Prior History:** [**1] Appeal from the United States District Court for the Western District of Washington. D.*C.* No. 3:16-cv-05194-RBL. Ronald B. Leighton, District Judge, Presiding.

*Jarvis v. Fannie Mae, 2017 U.S. Dist. LEXIS 62102 (W.D. Wash., Apr. 24, 2017)*

**Disposition:** AFFIRMED.

## Core Terms

statute of limitations, last installment, make payment, trust deed, installment, foreclose, bankruptcy discharge, summary judgment, proceedings, quiet-title, provisions, reaffirmed, decisions, becomes

**Counsel:** For ROBERT C. JARVIS, RETHA D. JARVIS, Husband and Wife, Plaintiffs - Appellees: Loren Dee Combs, Attorney, Gregory F. Amann, Attorney, VSI LAW GROUP PLLC, Tacoma, WA.

For FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federal corporation, Defendant - Appellant: Elizabeth Lemond McKeen, Esquire, Counsel, O'Melveny & Myers LLP, Newport Beach, CA; Brian M. Metcalf, Esquire, Attorney, Stephen H. Warren, Attorney, O'Melveny & Myers LLP, Los Angeles, CA; Joseph W. McIntosh, McCarthy & Holthus LLP, Seattle, WA.

**Judges:** Before: BYBEE and N.R. SMITH, Circuit Judges, and HUCK,** District Judge.

## Opinion

_____

** The Honorable Paul *C.* Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

John Wright

[*666]  MEMORANDUM[*]

Defendant Federal National Mortgage Association ("Fannie Mae") appeals the district court's grant of summary judgment to plaintiffs Robert and Retha Jarvis. The parties are familiar with the facts and proceedings, which are not set out here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. Bradford v. Scherschligt, 803 F.3d 382, 385-86 (9th Cir. 2015). For the reasons stated below, we affirm.

Under Washington law, the statute of limitations on a written installment [**2] contract—like the deed of trust here—is six years. Wash. Rev. Code § 4.16.040, Edmundson v. Bank of Am., 194 Wn. App. 920, 378 P.3d 272, 276 (Wash. Ct. App. 2016). "[T]he statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." Edmundson, 378 P.3d at 277 (quoting Herzog v. Herzog, 23 Wn.2d 382, 161 P.2d 142, 144-45 (Wash. 1945)). [*667]  The final six-year period to foreclose runs from the time the final installment becomes due. See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S., 195 Wn. App. 423, 382 P.3d 1, 6 (Wash. Ct. App. 2016). This may occur upon the last installment due before discharge of the borrower's personal liability on the associated note. See Edmundson, 378 P.3d at 278.

The Jarvises never reaffirmed or made any further payments on the note after their bankruptcy, and neither Fannie Mae nor any prior holder of the deed of trust ever accelerated the debt or initiated foreclosure proceedings. The statute of limitations to foreclose on the deed of trust ran from the last installment due before the Jarvises' bankruptcy discharge in February 2009 and expired before the Jarvises brought this quiet-title action nearly seven years later in February 2016. Summary judgment in favor of the Jarvises on their quiet-title claim was therefore appropriate. See Wash. Rev. Code § 7.28.300.

Fannie Mae's arguments to the contrary are without merit. Calculating the statute of limitations from the last installment due before the bankruptcy discharge [**3] is not inconsistent with the United States Supreme Court's decisions in Johnson v. Home State Bank, 501 U.S. 78, 84, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991), and Dewsnup v. Timm, 502 U.S. 410, 418-19, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992). Although these decisions held that secured interests pass through bankruptcy unaffected, they did not speak to the effect of bankruptcy on the accrual of the statute of limitations for foreclosing on such interests, which is a matter of state law.

Calculating the statute of limitations in this way also does not conflict with the "ride-through doctrine" under which a debtor may continue to make payments after bankruptcy without reaffirming the debt, with 11 U.S.C. § 524(j), or with the Consumer Financial Protection Bureau regulations codified at 12 C.F.R. § 1026.41. The Jarvises did not continue to make payments after their bankruptcy, and thus these provisions are not at issue here. Fannie Mae's conjecture as to how these provisions might be abused in a different case in which a debtor did continue to make payments after bankruptcy is not a reason to disregard Washington courts' interpretation of the state statute of limitations. See Edmundson, 378 P.3d at 278.

**AFFIRMED.**

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**End of Document**